UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**COREY D. BUTLER**                                **CIVIL ACTION**

**VERSUS**                                         **NUMBER: 09-7473**

**STATE OF LOUISIANA**                             **SECTION: "B"(3)**

## ORDER AND REASONS

The instant petition of state court prisoner Corey D. Butler for habeas relief is **DENIED**. For the following reasons, petitioner's objections to the Magistrate Judge's Report and Recommendation are overruled and the latter Report and Recommendation are adopted as the opinion of the Court. (Record Document Numbers 13 and 12, respectively)

### Admission of Statement & Sufficiently of Evidence

Upon interviewing the victims the night before trial, the state prosecutor learned for the first time that Butler told the victims during commission of the crimes that he was robbed, so he, Butler, was "going to get somebody else." During jury selection the next day, defense counsel received a notice of intent to use Butler's statement from the prosecutor. Defense counsel immediately moved to exclude the statement as evidence at trial. The trial court deemed the statement admissible under state law, LA. C. Cr. P. art. 768. The state appellate courts affirmed that ruling and further held there was no prejudice from any alleged

-1-

late disclosure because there was no showing that reversal of the conviction was necessary.  In so holding, the state courts found other sufficient trial evidence of Butler's willing participation in the crime, without the objected-to statement.

Butler's claimed violation of state discovery laws do not implicate federal constitutional rights, and thusly not cognizable in this federal habeas corpus review.  *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *Trevino v. Johnson*, 168 F. 3d 173, 184 (5th Cir. 1999); *Little v. Johnson*, 162 F. 3d 855, 862 (5th Cir. 1998).  There is no showing there that Butler was deliberately misled as to the full weight and impact of the state's evidence.  Compare, *Wooten v. Thaler*, 598 F. 3d 215, 219-21 (5th Cir. 2010).  Hence, there is no due process violation found in this record.  As an inculpatory statement that was produced within sufficient time to prepare for its use, there is neither a "Brady" violation, *Brady v. Maryland*, 373 U.S. 83 (1963), nor any showing of a suppression of favorable defense evidence. *See, e.g.*, *Lawrence v. Lensing*, 42 F. 3d 255, 257 (5th Cir. 1974).  Moreover, the state courts found, without showing of error, that admission of the statement was not a crucial, highly significant factor in Butler's conviction.

There was overwhelming trial evidence that Butler beeped one of the victims twice on the night of the crimes, instructed the victim to exit his vehicle, stood behind the victim at gun point and took his money and wallet.  Butler took the gun from the

accomplice and held it on the victims without being told to do so by the accomplice.  The victims were ordered into a car and taken to another location.  At the second location Butler told the victims to lie face down before being shot and kicked one of the victims afterwards.  The victims in large part corroborated each other's testimony.  Butler testified at trial that out of fear of Martin (the accomplice), he held the gun on the victims and kicked one of them after the shooting to see if the victim was alive.  Butler also testified that he later received part of the robbery proceeds from Martin.  Butler denies having any knowledge of or intention to kidnap or rob the victims.

Butler's belief that the state failed to "disprove that he acted out of fear" ignores the foregoing trial evidence.  Moreover, this challenge of the trial jury's credibility choices, finding that Butler had the requisite knowledge and specific intent to commit the charge offenses, fails to satisfy the "Jackson" standard for habeas relief.  *See, Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Sclup v. Delo*, 513 U.S. 298, 330 (1995); *Ramirez v. Dretke*, 398 F. 3d 691, 695 (5th Cir. 2005).

### Excessive Sentence

Butler challenges as excessive the sentence to a concurrent term of twenty years imprisonment without benefit of parole, probation, or supervision of sentence for second degree kidnaping and armed robbery.  He claims the sentence was too severe for a 16

year old first offender.

The state court rejected that claim following a through analysis of the record and applicable law.  *State v. Butler*, 997 So. 2d at 640-41; State Record, Vol. X of X.  The Magistrate Judge also cited and properly applied pertinent federal cases in this instance.  Butler's objection does not specifically address the factual or legal conclusions regarding sentencing in the Magistrate Judge's report.

Considering the nature of the offenses, the state trial and appellate records, along with the Magistrate Judge's review and Butler's instant objection, we find the sentence here was not grossly disproportionate.  Further, *Rummel V. Estelle*, 445 U.S. 263 (1980) and *U.S. V. Gonzales*, 121 F. 3d 928, 942-3 (5th Cir. 1997) support rejection of Butler's excessive sentence claims.

New Orleans, Louisiana, this 21st day of March, 2011.

UNITED STATES DISTRICT JUDGE